UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

|                                    |     |                                    |
|------------------------------------|-----|------------------------------------|
| MARY ANN SHEPARD,                  | )   |                                    |
|                                    | )   |                                    |
|     Plaintiff, | )   | Case No. 1:05-cv-337               |
|                                    | )   |                                    |
| v.                                 | )   | Honorable Robert Holmes Bell       |
|                                    | )   |                                    |
| COMMISSIONER OF                    | )   |                                    |
| SOCIAL SECURITY,                   | )   |                                    |
|                                    | )   | **REPORT AND RECOMMENDATION**      |
|     Defendant. | )   |                                    |
|                                    | )   |                                    |

This is a social security action brought under 42 U.S.C. § 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to supplemental security income (SSI) benefits. Plaintiff filed the SSI application giving rise to this lawsuit on November 25, 2002 (A.R. 64-66), less than a month after an earlier SSI claim had been denied.[1]  Plaintiff claimed that she was disabled as of November 25, 2002, on the basis of "high blood pressure, heart murmur, bulging disc, slipped disc, asthma, tingling and numbness." (A.R. 101). Plaintiff's claim was denied on initial review, and as a disability redesign prototype case, her claim was not subject to administrative review at the reconsideration stage. (A.R. 48). On August 24, 2004, plaintiff received a hearing before an administrative law judge (ALJ) at which plaintiff was represented by counsel. (A.R. 239-60). On November 24, 2004, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 15-24). The Appeals Council denied review on May 4, 2005

---

[1]On November 7, 2002, a different ALJ held that plaintiff was not disabled based on a September 28, 2000 application for SSI benefits. (A.R. 34-42).

(A.R. 4-8), and the ALJ's decision became the Commissioner's final decision.  Plaintiff filed a

timely complaint in this court seeking review of the Commissioner's decision denying her SSI claim.

Plaintiff's brief (docket # 17) presents three issues for review:

- Is the ALJ's decision supported by substantial evidence?

- Did the ALJ have adequate reasons to reject the opinion of a treating physician?

- Did the ALJ adequately evaluate the combined effect of all plaintiff's impairments?

(Plf. Brief at iii, docket # 17).  Upon review, I find that plaintiff's arguments do not provide any basis

for disturbing the Commissioner's decision, and recommend that the Commissioner's decision be

affirmed.

### Standard of Review

When reviewing the grant or denial of social security benefits, this court is to

determine whether the Commissioner's findings are supported by substantial evidence and whether

the Commissioner correctly applied the law.  *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124,

125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*,

245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997);

*Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).  Substantial evidence is defined as "'such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Heston*,

245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  The scope of the court's

review is limited.  *Buxton*, 246 F.3d at 772.  The court does not review the evidence *de novo*, resolve

conflicts in evidence, or make credibility determinations.  *See Walters v. Commissioner*, 127 F.3d

at 528;  *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993).  "The findings of the Commissioner

are not subject to reversal merely because there exists in the record substantial evidence to support

a different conclusion. . . .  This is so because there is a 'zone of choice' within which the

Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73.  "If supported

by substantial evidence, the [Commissioner's] determination must stand regardless of whether the

reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d

342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the

district court -- had it been in the position of the ALJ – would have decided the matter differently

than the ALJ did, and even if substantial evidence also would have supported a finding other than

the one the ALJ made, the district court erred in reversing the ALJ.").  "[T]he Commissioner's

decision cannot be overturned if substantial evidence, or even a preponderance of the evidence

supports the claimant's position, so long as substantial evidence also supports the conclusion reached

by the ALJ."  *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v.*

*Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff had not engaged in substantial gainful activity since her

alleged onset of disability of November 25, 2002.  The ALJ found that plaintiff's degenerative disc

disease constituted a severe impairment.  The ALJ found that plaintiff did not have an impairment

or combination of impairments which met or equaled the requirements of the listing of impairments.

The ALJ determined that plaintiff's subjective complaints were not fully credible.  The ALJ found

that plaintiff retained the following residual functional capacity (RFC):

> [C]laimant can lift/carry up to 20 pounds occasionally and 10 pounds frequently.  She should
> not engage in prolonged walking or standing and requires the option to sit or stand as needed.
> She should never use ladders, scaffolds or ropes and only occasionally use ramps or stairs,

balance, stoop, crouch, kneel, or crawl.  Claimant must avoid concentrated exposure to extreme heat, cold, wetness, humidity, fumes, odors, dust, gasses and poor ventilation.

(A.R. 23).  Plaintiff was forty-seven years old as of the date of the ALJ's decision.  Thus, plaintiff was classified as a younger individual.  Plaintiff has a high school education.  The ALJ found that plaintiff did not have transferable work skills.  The ALJ then turned to the testimony of a vocational expert (VE).  In response to a hypothetical question regarding a person of plaintiff's age and with her RFC, education, and work experience, the VE testified that there were approximately 16,000 jobs within the Michigan's lower peninsula that plaintiff was capable of performing.  The ALJ held that this constituted a significant number of jobs.  Using Rule 202.20 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled.  (A.R.  15-24).

**1.**

Plaintiff's brief repeatedly asks the court to evaluate whether the ALJ's decision is supported by substantial evidence based upon medical evidence that plaintiff never presented to the ALJ before the ALJ's decision.  (Plf. Brief at 6, 8, 13, 14, 15, docket # 17).  This is clearly improper.[2]  For more than a decade it has been clearly established law within the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review.  The same cases established that this court must base its review of the ALJ's decision upon the administrative record presented to the ALJ.  The Sixth Circuit has repeatedly held that where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, the court's review is limited to the evidence presented to the ALJ.  *See*

---

[2] Defendant's brief alerted plaintiff to this defect.  (Defendant's Brief at 6-9, docket # 19).  Plaintiff elected not to file a reply brief.

*Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *see also Osburn v. Apfel*, No. 98-1784, 1999 WL 503528, at * 4 (6th Cir. July 9, 1999) ("Since we may only review the evidence that was available to the ALJ to determine whether substantial evidence supported [his] decision, we cannot consider evidence newly submitted on appeal after a hearing before the ALJ."). The court is not authorized to consider plaintiff's proposed additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline*, 96 F.3d at 148.

The court can consider the proffered evidence in determining whether remand is appropriate pursuant to sentence six of 42 U.S.C. § 405(g). *See Foster v. Halter*, 279 F.3d at 357; *Cline*, 96 F.3d at 148; *Cotton*, 2 F.3d at 696. Plaintiff's brief makes two passing requests for remand on page fifteen, without attempting to address her statutory burden. She has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the proffered evidence is "new" and "material," and that there is "good cause" for her failure to present this evidence in the prior proceeding. *See Cline*, 96 F.3d at 148; *see also Balogh v. Commissioner*, 94 F. App'x 286 (6th Cir. 2004)(A sentence six remand "requires that all three elements be met."); *Delgado v. Commissioner*, 30 F. App'x 542, 549 (6th Cir. 2002)(same).

The ALJ issued his decision on November 24, 2004. The proffered evidence is a two-page Michigan Family Independence Agency form signed by Dr. Larry E. Jennings on March 14, 2003. The report is obviously not new because it existed more than a year before the ALJ rendered his decision.

Plaintiff has not addressed the good cause standard, much less carried her burden of demonstrating good cause. The party seeking a sentence six remand must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *Willis v. Secretary of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984); *see also Brace v. Commissioner*, 97 F. App'x 589, 592 (6th Cir. 2004)(claimant's decision to wait and schedule tests just prior to hearing before the ALJ did not establish good cause); *Cranfield v. Commissioner*, 79 F. App'x 852, 857 (6th Cir. 2003)(same).

Plaintiff has not addressed materiality. In order to establish materiality, plaintiff must show that the introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Secretary of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *see also Taylor v. Commissioner*, 43 F. App'x 941, 942 (6th Cir. 2002). The report submitted to Michigan's Family Independence Agency stating that plaintiff has been "unable to work since 1995" is not supported by any accompanying objective test results. Upon review, I am not persuaded of a reasonable probability that the Commissioner would have reached a different decision if the proffered evidence had been presented and considered. The law is well established that an ALJ is not bound by a treating physician's opinion that a claimant is disabled. The ultimate issue of disability is reserved to the Commissioner. *See Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993); 20 C.F.R. § 416.927(e)(1); *see also Allen v. Apfel*, 3 F. App'x 254, 257 (6th Cir. 2001). The medical opinions and diagnosis of treating physicians are not entitled to great weight where they are conclusory, but are entitled to such weight where supported by detailed objective criteria and documentation. *See Jones v. Commissioner*, 336 F.3d

at 477; *Buxton v. Halter*,  246 F.3d at 773; 20 C.F.R. § 416.927(d)(2); *see also Niemasz v. Commissioner*, No. 04-2065, 2005 WL 3078943, at * 3 (6th Cir. Nov. 18, 2005); *Essary v. Commissioner*, 114 F. App'x 662, 666-67 (6th Cir. 2004).

In summary, plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted.  Accordingly, I recommend that plaintiff's request for remand be denied.  Plaintiff's arguments must be addressed on the record presented to the ALJ.

**2.**

Plaintiff argues that the ALJ failed to give sufficient weight to the opinions Dr. Jennings expressed in the March 14, 2003 report.  (Plaintiff's Brief at 14).  As previously noted, this report was not in the record before the ALJ.  It cannot be considered in determining whether the ALJ's decision is supported by substantial evidence.  The ALJ's opinion expressly addressed the records from Dr. Jennings that were within the administrative record.  (A.R. 17, 18; *see also* Exhibit C-3 (A.R. 132-48) and Exhibit C-6 (A.R. 162-86)).  Plaintiff's brief fails to identify any medical opinion expressed by Dr. Jennings in these documents that were not given sufficient weight.  I find that plaintiff's argument that ALJ failed to give good reasons for the weight given Dr. Jennings's medical opinions as required by *Wilson v. Commissioner*, 378 F.3d 541, 544-48 (6th Cir. 2004), is meritless.

**3.**

Plaintiff argues that the ALJ failed to consider the combined effect of plaintiff's impairments.  (Plaintiff's Brief at 15).  Again, the argument is based entirely on evidence that was

not part of the administrative record before the ALJ. I find that plaintiff's argument does not provide

any basis for disturbing the Commissioner's decision.

**4.**

Plaintiff argues that the ALJ's decision is not supported by substantial evidence

because the ALJ's summary of medical records regarding plaintiff's back impairment was too

selective. (Plaintiff's Brief at 12). It is well established that the ALJ's opinion need not need not

discuss every item of evidence. *See Barlow v. Sullivan*, No. 90-5810, 1991 WL 29215, at * 6 (6th

Cir. Mar. 7, 1991)(citing *Walker v. Secretary of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir.

1989)). "An ALJ need not discuss every piece of evidence in the record for his decision to stand."

*Thacker v. Commissioner*, 99 F. App'x 661, 665 (6th Cir. 2004).

Plaintiff takes issue with a paragraph of the ALJ's opinion discussing magnetic

resonance images ("MRI's") taken of plaintiff's thoracic (A.R. 223-24), cervical (A.R. 225-26), and

lumbar spine (A.R. 228-29) in February 2002, long before plaintiff's alleged onset of disability. The

challenged  paragraph of ALJ's opinion states as follows:

> The claimant underwent several laboratory tests in February 2002 for reports of pain. An
> MRI of the thoracic spine showed mild degenerative end-plate change in the lower thoracic
> spine. MRI of the cervical spine showed mild central spinal stenosis at C6-7 and mild to
> moderate disc bulging. An MRI of the lumbar spine revealed moderate sized central and
> right paracentral herniation of degenerating L2-L3 disc and disc degeneration at L3-L4 and
> L4-L5 with mild central bulging disks. There was no evidence of spinal stenosis. (Exhibit
> C12F).

(A.R. 17). Plaintiff argues that the ALJ's discussion of her thoracic MRI should have mentioned

"'mild' levoconvex scoliosis of the lower thoracic spine." (Plaintiff's Brief at 7). She claims  that

the ALJ should have written that there were degenerative changes involving the mid cervical levels,

but review of the cervical MRI report (A.R. 225-26) shows that these degenerative changes were

repeatedly described as "mild" or "minimal." Plaintiff contends that the ALJ should have mentioned

a "tiny" central disc protrusion at C4-5 and "mild" degenerative disc narrowing at the C6-7 level

(Plaintiff's Brief at 7), without identifying any significant functional limitation that the ALJ failed

to take into account.  Finally, with regard to her lumbar spine MRI, plaintiff believes that the ALJ

should have not only discussed the moderate sized central and right paracentral herniation observed

at L2-3, but should have also noted that a radiologist interpreted the image as showing "indentation

over the thecal sac and compression of the right L3 nerve root."  (A.R. 228).  The ALJ's opinion

discussed the MRI results, the epidural injections plaintiff received as treatment, and the pain relief

plaintiff achieved. (A.R.  17).  I find that plaintiff's captious criticisms of the ALJ's treatment of the

medical evidence are unfounded.

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be

affirmed.

Dated:   January 20, 2006      /s/  Joseph G. Scoville
                               United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within
ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All
objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file
timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474
U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030
(1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).